UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| | : |
| PC LEARNING CENTERS, INC., | : Case No. 25-11964-mew |
| | : |
| | : Chapter 11 (Subchapter V) |
| | : |
| | : |
| Debtor.[1] | : |
| | : |

**INTERIM ORDER (A) AUTHORIZING THE DEBTOR'S INTERIM USE OF CASH COLLATERAL FOR LIMITED PURPOSE OF FUNDING SEPTEMBER 15, 2025, PAYROLL PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND GRANTING ADEQUATE PROTECTION AND (B) SCHEDULING FINAL HEARING PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001**

THIS MATTER having been opened to the Court upon the motion of PC Learning Centers, Inc., the within debtor and debtor-in-possession (the "**Debtor**"), by and through its proposed counsel, Law Offices of Kenneth L. Baum LLC, pursuant to the Debtor's emergency motion for an order: (A) authorizing the Debtor's interim and, ultimately, final use of the cash collateral of Citibank, N.A. ("**Citibank**"), and the United States Small Business Administration (the "**SBA**," and together with Citibank, the "**Creditors**"), and (B) scheduling a final hearing on the Debtor's request to use cash collateral pursuant to 11 U.S.C. § 363(c)(2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Motion**"); and it appearing that notice of the Motion, together with notice of the preliminary hearing thereon, has been given and served by the Debtor on: (1) the Office of the United States Trustee, (2) the Creditors, (3) the subchapter V trustee, and (4) the twenty (20) largest unsecured creditors of the Debtor, as reflected in the lists

---

[1] The last four digits of the debtor's federal Employer Identification Number (EIN) are 6702.

submitted pursuant to Fed. R. Bankr. P. 1007(d); and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing**.  Notice of the Motion and the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.    **Chapter 11 Filed**.  The Debtor filed its petition under subchapter V of Chapter 11 of the Bankruptcy Code on September 9, 2025 (the "**Petition Date**"), and is presently operating as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

C.    **Pre-Petition Secured Debt**.  As of the Petition Date, the Debtor owed Citibank the approximate sum of $329,647.91 and the SBA approximately $467,477.22, secured by liens on substantially all the assets of the Debtor.

D.    **Pre-Petition Collateral**.  The Creditors have properly perfected liens on certain of the assets of the Debtor at the commencement of this case which is or may result in cash collateral.

E.    **Cash Collateral**.  "Cash Collateral" as defined by 11 U.S.C. §363(a) includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. §522(b) and as the term "proceeds" is described in UCC Section 9-306.

F.      **Necessity and Best Interest**.  The Debtor does not have sufficient unencumbered cash or other assets within which to continue to operate its business in Chapter 11.  The Debtor requires immediate authority to use cash collateral as defined herein to continue its business operations without interruption toward the objective of formulating and confirming a plan of reorganization.  Its use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.  The amount of the Creditors' cash collateral authorized to be used pursuant to this Order and pending a final hearing or entry of a final Order is not to exceed $13,659.73.

G.      **Purpose**.  The Debtor must be authorized to use the Creditors' cash collateral to pay its September 15, 2025, gross payroll and payroll-related expenses in the amount of $13,659.73.

For good cause shown, IT IS ORDERED as follows:

1.      **Use of Cash Collateral**.  The Debtor is authorized to use the Creditors' cash collateral for the specific, limited purpose of funding its September 15, 2025, gross payroll and payroll-related taxes, in the total amount of $13,659.73, without prejudice to the Debtor's right to request entry of a supplemental order authorizing the use of cash collateral on an interim basis for an expanded scope of expenses, pursuant to a budget to be submitted contemporaneous therewith.

2.      **Adequate Protection.**

(a)      In accordance with 11 U.S.C. §§ 361 and 363(c)(2)(B), and as adequate protection for the use of their cash collateral, the Creditors are hereby GRANTED: (i) replacement perfected security interests under 11 U.S.C. § 361(2): (a) only to the extent the Creditors' cash collateral is used by the Debtor; (b) only to the extent such pre-petition liens are

3

valid; and (c) with the same priority in the post-petition collateral and proceeds thereof of the Debtor that the Creditors held in the pre-petition collateral;

        (b)    the replacement liens and security interests granted to the Creditors are automatically deemed perfected upon entry of this Order without the necessity of the Creditors taking possession of their collateral or filing financing statements, mortgages, or other documents; and

        (c)    to the extent that the adequate protection provided for herein fails to protect the Creditors against any post-petition diminution in value of the collateral, the Creditors are hereby granted superpriority administrative expense claims as provided for in Section 507(b) of the Bankruptcy Code.

        3.    **Reservation of Rights**.  In the event the Creditors' alleged liens on cash collateral are determined to be invalid, then the adequate protection provided hereunder shall be null and void.

        4.    **Interlocutory Order and No Modification of Creditors' Adequate Protection**. This is an interlocutory order.  Nothing contained herein shall be deemed or construed to:  (a) limit the Creditors to the relief granted herein; (b) bar the Creditors from seeking other and further relief (including, without limitation, relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same; (c) require the Creditors to make any loans or advances to the Debtor; or (d) be a consent by the Creditors to any relief sought by the Debtor in this case except as set forth in this Order.  This Order may be modified for cause shown by the Debtor, the Creditors, or any other party-in-interest on due notice.

5.    **Default Hearing.**  In the event the Debtor defaults under or violates this Order, the Creditors may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the Debtor's use of cash collateral shall file with the Clerk of this Court and serve upon counsel for the Debtor, counsel to the Creditors, if any, the subchapter V trustee, and the Office of the United States Trustee on or before October 6, 2025, a written objection and shall appear to advocate said objection at a Final Hearing to be held at **October 9, 2025, at 2:00 p.m.**, in Courtroom 617 of the United States Bankruptcy Court, One Bowling Green, New York, New York.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice, as well as a copy of the proposed Final Order authorizing the use of cash collateral, by first class mail, within 2 business days from the date hereof, on: (a) the Office of the United States Trustee; (b) the Creditors and their counsel, if known; (c) the subchapter V trustee; and (d) each of the Debtor's twenty (20) largest unsecured creditors set forth on the lists filed pursuant to Fed. R. Bankr. P. 1007(d).  The Debtor shall thereafter file with the Clerk a Certificate of Service of said mailing.

Dated: New York, New York
       September 20, 2025

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge